12 F.3d 212
 1993-2 Trade Cases P 70,451, RICO Bus.Disp.Guide 8462
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EIZONAS, INC.; Terrace Land Co., Inc.; J.S.E., Inc.;
Robert Eizonas; and Rita Eizonas, Plaintiffs-Appellants,
v.
DOLLAR SAVINGS AND TRUST COMPANY, Nils P. Johnson, W.R.P.
Energy, Inc. and Mahoning County Sheriff's
Department, Defendants-Appellees.
 Nos. 92-3838, 92-3860.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1993.
 
 On appeal from the United States District Court for the Northern District of Ohio, No. 92-01120; Ann Aldrich, J.
 N.D.Ohio
 AFFIRMED AND REMANDED.
 Before: MILBURN and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiffs filed this action in the district court alleging violations of 15 U.S.C. Sec. 1 (the Sherman Anti-Trust Act) (count I), 15 U.S.C. Sec. 2 (the Sherman Anti-Trust Act) (count II), and 18 U.S.C. Sec. 1962(c)(RICO) (Count III). The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion for sanctions under Federal Rule of Civil Procedure 11. The district court granted the motion to dismiss, and by marginal entry, denied the motion for sanctions. The plaintiffs appeal the dismissal of their complaint, and the defendants cross-appeal the refusal of the district court to award sanctions. We affirm the district court's dismissal of the complaint, but remand for further proceedings on the sanctions issue.
 
 
 2
 * Taking the factual allegations of the complaint and accompanying affidavits as true (as we must in reviewing the grant of a Rule 12(b)(6) motion, see Scheuer v. Rhodes, 416 U.S. 232, 235-37 (1974)), the following events occurred.
 
 
 3
 Eizonas, Inc. owned a tract of land on which it operated a nursery. The nursery financed its operations through Defendant Dollar Savings and Trust Company ("Dollar Savings") and Dollar Savings held a mortgage on Eizonas, Inc.'s property as well as on other properties of the plaintiffs. Defendant Nils Johnson was one of Dollar Savings's directors.
 
 
 4
 Eizonas, Inc. began experiencing financial difficulties, so Mr. and Mrs. Eizonas approached Dollar Savings about refinancing their loans. As an alternative to refinancing, the Eizonases contemplated the possibility of oil and gas exploration on their land. Because Defendant Johnson held an interest in WRP Energy, Inc., an oil and gas exploration company, the Eizonases discussed possible oil and gas leases with Johnson. The Eizonases ultimately rejected a proposal by WRP Energy and entered into oil and gas leases with another company. Johnson then purchased land adjacent to the plaintiffs' property in an apparent attempt to thwart the plaintiffs' attempts to develop the oil and gas on their land.
 
 
 5
 Dollar Savings ultimately rejected the plaintiffs' proposals for refinancing the plaintiffs' loans, and began foreclosure proceedings on the plaintiffs' properties. The defendants threatened that they would prevent the plaintiffs from entering into the oil and gas business and would complete the foreclosure on the plaintiffs' properties. The plaintiffs then brought this suit, and in the meantime, Dollar Savings completed the foreclosure.
 
 
 6
 Count I of the first amended complaint alleged that by the activities mentioned above, the defendants "conspir[ed] to unlawfully, arbitrarily and knowingly fix and control the production and sale of oil and gas in interstate commerce and to unlawfully restrain trade ... and to preclude the Plaintiffs and others from dealing in interstate commerce except on terms controlled by the Defendants" in violation of the Sherman Anti-Trust Act. Count II alleged that by the above acts, the defendants sought to "monopolize the production, distribution and marketing of oil and gas" in violation of the Sherman Act. Count III alleged that Dollar Savings and WRP Energy are enterprises within the meaning of RICO and that the defendants "conducted ... the affairs of said enterprise through a pattern of racketeering activity" in violation of 18 U.S.C. Sec. 1962(c).
 
 II
 
 7
 The plaintiffs appeal the dismissal of their complaint and the defendants cross-appeal the district court's refusal to award sanctions.
 
 A. Dismissal of Count I
 
 8
 The district court dismissed Count I because the alleged agreement between Johnson and Dollar Savings was not an attempt to restrain trade and the agreement had no anti-competitive effect. We agree. The complaint alleges an agreement that was a purely competitive move and one that injured a single competitor; the complaint contains no factual allegations of injury to competition generally. Allegations of facts which, if proven, would establish injury to competition are an essential element of a claim under section 1 of the Sherman Act. For this reason and the reasons further explained in the district court's memorandum and order, we affirm the dismissal of Count I.
 
 B. Dismissal of Count II
 
 9
 The district court dismissed Count II because the facts alleged, if proven, could not support a finding (1) that the defendants had the specific intent to monopolize the relevant gas and oil market or (2) that there was a dangerous probability that the defendants would succeed in monopolizing the relevant market, both of which are essential components to a section 2 Sherman Act claim. We find that the district court ruled correctly, for the plaintiffs' complaint is plainly insufficient to establish a section 2 claim. We therefore affirm the district court for the reasons set forth in the district court's memorandum and order.
 
 C. Dismissal of Count III
 
 10
 To state a cause of action under 18 U.S.C. Sec. 1962(c), the plaintiffs' facts must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. See Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). The district court dismissed this count, holding that the plaintiffs had not sufficiently alleged the existence of an "enterprise" within the meaning of RICO. The district court also noted that a secondary ground for the dismissal was the plaintiffs' failure to allege a sufficient pattern of racketeering activity. We affirm the district court ruling on the second ground without adopting the reasoning of the district court on the enterprise issue.
 
 
 11
 To establish a pattern of racketeering activity the plaintiff must show "continuity plus relationship" in the predicate acts. Id. at 496 n. 14. Although plaintiffs' allegations might establish a "relationship" among the acts of extortion and mail fraud[1] because they were aimed at hurting the plaintiffs' business, those allegations are wholly insufficient to show the requisite "continuity." The predicate acts must have extended over a substantial period of time or be likely to continue.
 
 
 12
 To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity....
 
 
 13
 ... A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the threat of continuity is demonstrated.
 
 
 14
 H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240, 242 (1989).
 
 
 15
 Here, the scattered predicate acts occurred over a period of no more than nine months, and plaintiffs alleged no facts tending to show that, once the foreclosure (which was the goal of Dollar Savings and WRP) was underway, there was any threat of continuing racketeering activity, because Dollar Savings and WRP Energy had achieved their goal. The complaint therefore was insufficient to establish a pattern of racketeering activity under H.J. Inc. See id; see also Vild v. Visconsi, 956 F.2d 560 (6th Cir.), cert. denied, 113 S.Ct. 99 (1992).
 
 
 16
 D. Denial of the Defendants' Request for Rule 11 Sanctions
 
 
 17
 The defendants cross-appeal the district court's refusal to grant the Rule 11 sanctions requested. A district court's refusal to grant Rule 11 sanctions is reviewed for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).
 
 
 18
 It is difficult for us to rule on this issue because the court denied the motion by marginal entry and without comment. Having reviewed the record, we cannot say that there could be no grounds for sanctions in this case. Therefore, without expressing an opinion on the merits of sanctions, we find it necessary to remand this case to the district court for it to specify, even if briefly, the rationale for its ruling. See Vild, 956 F.2d at 570-71.
 
 III
 
 19
 For the foregoing reasons, the dismissal of the plaintiffs' complaint is AFFIRMED, and the cross-appeal of the denial of sanctions is REMANDED so that the district court can briefly explain its reasoning.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We assume here for the sake of discussion that the defendants did in fact commit extortion and mail fraud; we note, however, that it is not clear how the bank's pursuing lawful remedies in recovering on plaintiffs' delinquent loans could constitute those crimes